14-1657-cv
*Van Houtven v. Adams*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*

_____

ROMANA VAN HOUTVEN,

        *Plaintiff-Appellant*,

           v.                                                    No. 14-1657-cv

PAUL ADAMS, Detective,

        *Defendant-Appellee*,

JUDITH HOLLER, SPA et al.,

        *Defendants*.

_____

**FOR PLAINTIFF-APPELLANT:**          Romana Van Houtven, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**          Pamela Seider Dolgow, Kathy Chang Park, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff Romana Van Houtven, proceeding *pro se*, appeals from the District Court's April 3, 2014 order denying her motion for leave to amend her complaint and dismissing her action with prejudice.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of motion to amend on the basis of futility *de novo. Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Leave to amend may be denied when the proposed amendments would be futile. *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006). Amendment is futile if it fails "to cure prior deficiencies or to state a claim." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Courts consider the proposed amendments "along with the remainder of the complaint." *Id.* (quotation marks omitted).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly denied Van Houtven's motion for leave to amend, substantially for the reasons stated in its April 3, 2014 order. The record reveals that Detective Adams had probable cause to arrest Van Houtven for stalking based upon a Domestic Incident Report signed by Van Houtven's ex-boyfriend that provided sufficient information to justify her arrest. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint [to that effect], has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity."). Such probable cause is "a complete defense" to Van Houtven's claim of false arrest. *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (internal quotation marks omitted).[2]

Van Houtven's abuse of process claim also fails because she failed adequately to allege that Detective Adams had "a collateral purpose beyond or in addition to [Van Houtven's] criminal prosecution." *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003). Van Houtven alleged

---

[1] As a clerical matter, the District Court appears to have overlooked entering final judgment in the case. We nevertheless have jurisdiction because the April 3, 2014 order effectively terminated the litigation. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 55 n.1 (2d Cir. 2000) ("Although judg[]ment never entered, we nevertheless have jurisdiction to consider this appeal because the order of dismissal effectively terminated the litigation."). Moreover, if a required separate judgment is not entered, it is deemed to have been entered 150 days after entry of the dispositive order. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

[2] The District Court relied on both the Domestic Incident Report and a Misdemeanor Complaint sworn out by Van Houtven's ex-boyfriend. The Misdemeanor Complaint, however, was not sworn to until *after* Van Houtven's arrest and, therefore, cannot establish probable cause for the arrest to the extent it references any facts not known by the officer at the time of arrest. *See Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006). We need not pursue this point, however, because the Domestic Incident Report itself was sufficient to establish probable cause.

2

conclusorily that Detective Adams acted "for the ulterior purpose of causing [her] . . . to be unlawfully deprived of her liberty and civil rights, to suffer inconvenience, humiliation, shame, embarrassment, damage to her reputation and good name, and to incur legal expenses." Proposed Am. Compl. ¶ 24. These alleged consequences, however, were incident to prosecution and not "beyond or in addition to . . . criminal prosecution." *Savino*, 331 F.3d at 77. We decline to consider Van Houtven's newly alleged collateral objective—that Detective Adams was "trying to get retribution," Appellant's Br. 8—because it was not raised below. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

## CONCLUSION

We have considered all of the arguments raised by Van Houtven on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 3, 2014 order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk